**22 MAG 6150**

Approved: *Amanda Weingarten*
         _____
         Amanda Weingarten
         Assistant United States Attorney

Before:   THE HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - X
                                      :
                                      :   **SEALED COMPLAINT**
UNITED STATES OF AMERICA              :
                                      :   Violations of 18
   - v. -                             :   U.S.C. §§ 844 and 2,
                                      :   26 U.S.C. §§ 5822,
NAYEEM AHMED CHOWDHURY,                :   5841, 5845, 5861, and
DAVID MENDEZ,                         :   5871.
                                      :
         Defendants.                  :   COUNTY OF OFFENSE:
                                      :   BRONX
- - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

       Fire Marshal Michael Pritchett being duly sworn, deposes and says that he is a Fire Marshal with the New York City Fire Department, and charges as follows:

<u>COUNT ONE</u>
(Possession of Molotov Cocktails)

       1.   On or about June 8, 2022, in the Southern District of New York and elsewhere, NAYEEM AHMED CHOWDHURY and DAVID MENDEZ, the defendants, did knowingly possess firearms, namely two bottles with ignitable liquid and lit wicks, commonly known as Molotov cocktails, each a destructive device as described in Title 26, United States Code, Sections 5845(a)(8) and 5845(f), both made in violation of Chapter 53 of Title 26, United States Code.

       (Title 26, United States Code, Sections 5822, 5845(a)(8),
             5845(f), 5845(i), 5861(c) and 5871;
         Title 18, United States Code, Section 2.)

COUNT TWO
(Possession of Unregistered Molotov Cocktails)

2.     On or about June 8, 2022, in the Southern District of New York and elsewhere, NAYEEM AHMED CHOWDHURY and DAVID MENDEZ, the defendants, did knowingly possess firearms, namely, two Molotov cocktails, each a destructive device as described in Title 26, United States Code, Sections 5845(a)(8) and 5845(f), not registered to the defendants, NAYEEM AHMED CHOWDHURY and DAVID MENDEZ, in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Sections 5841, 5845(a)(8),
5845(f), 5861(d) and 5871;
Title 18, United States Code, Section 2.)

COUNT THREE
(Possession of Molotov Cocktail)

3.     On or about July 24, 2022, in the Southern District of New York and elsewhere, NAYEEM AHMED CHOWDHURY, the defendant, did knowingly possess a firearm, namely one Molotov cocktail, a destructive device as described in Title 26, United States Code, Sections 5845(a)(8) and 5845(f), and made in violation of Chapter 53 of Title 26, United States Code.

(Title 26, United States Code, Sections 5822, 5845(a)(8),
5845(f), 5845(i), 5861(c) and 5871;
Title 18, United States Code, Section 2.)

COUNT FOUR
(Possession of Unregistered Molotov Cocktail)

4.     On or about July 24, 2022, in the Southern District of New York and elsewhere, NAYEEM AHMED CHOWDHURY, the defendant, did knowingly possess a firearm, namely, one Molotov cocktail, a destructive device as described in Title 26, United States Code, Sections 5845(a)(8) and 5845(f), not registered to the defendant, NAYEEM AHMED CHOWDHURY, in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Sections 5841, 5845(a)(8),
5845(f), 5861(d) and 5871;
Title 18, United States Code, Section 2.)

2

<u>COUNT FIVE</u>
(Arson)

5.   On or about July 24, 2022, in the Southern District of New York and elsewhere, NAYEEM AHMED CHOWDHURY, the defendant, maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire and an explosive a building, vehicle, and other real and personal property used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce, to wit, CHOWDHURY threw one Molotov cocktail onto the front porch of a rental apartment located in the Bronx, New York.

(Title 18, United States Code, Sections 844(i) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6.   I am a Fire Marshal at the New York City Fire Department ("FDNY").  I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records.  Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**<u>The June 8, 2022 Arson</u>**

7.   Based on my conversations with other law enforcement officers and my review of documents and reports of witness interviews prepared by the FDNY and New York City Police Department ("NYPD"), I have learned, in substance and in part:

a.   On or about June 8, 2022, at approximately 2:14 a.m., a bottle with an ignitable liquid and lit wick, commonly known as a Molotov cocktail, ("Incendiary Device-1") was placed under the driver's side door of a 2016 Acura MDX (the "Victim Vehicle").  The Victim Vehicle was parked in the vicinity of a residence on Powell Avenue in the Bronx, New York (the "Bronx Residence").

b.   Incendiary Device-1 caused the Victim Vehicle to catch fire.

    c. On or about June 8, 2022, at approximately 2:48 a.m., a second Molotov cocktail ("Incendiary Device-2") was placed under the trunk of the Victim Vehicle.

    d. Incendiary Device-2 caused the Victim Vehicle to catch fire.

    e. At approximately 3:20 a.m., the owner of the Victim Vehicle, and other individuals, put out both fires.

  8. At approximately 12:00 p.m. on June 8, 2022, a law enforcement canine unit recovered one incendiary device under the Victim Vehicle and a second incendiary device on the ground next to the Victim Vehicle. The canine unit assessed the two devices and hit on both devices as containing accelerants for ignitable liquids.

  9. I have reviewed surveillance video capturing various locations near the Bronx Residence on June 8, 2022. The video shows the following:

    a. At approximately 1:06 a.m., a white Acura MDX with damage to the front bumper (the "White Acura") drove past the Bronx Residence. At that time, the Victim Vehicle was parked in front of the Bronx Residence.

    b. At approximately 1:23 a.m., the White Acura pulled into a nearby gas station and parked at a gas pump. The driver of the White Acura ("Target Subject-1"), who was wearing a red hooded sweatshirt, purchased gasoline. A person riding in the front passenger seat of the White Acura ("Target Subject-2") stepped out of the car and put on a red shirt. Several minutes later, the White Acura drove away from the gas station.

    c. At approximately 2:13 a.m., the White Acura drove past the Victim Vehicle. Target Subject-1 and Target Subject-2 (collectively, the "Target Subjects") exited the White Acura and walked along the sidewalk toward the Victim Vehicle. At approximately 2:14 a.m., Target Subject-1 lit Incendiary Device-1, bent over the driver's side of the Victim Vehicle, and placed Incendiary Device-1 under the Victim Vehicle. As Target Subject-1 placed Incendiary Device-1 under the Victim Vehicle, Target Subject-2 stood on the sidewalk nearby. The Target Subjects then walked away from the Victim Vehicle. The fire appeared to remain contained under the Victim Vehicle and the underbelly of the Victim Vehicle began to melt. Still images from the surveillance video, depicting Target Subject-1 lighting Incendiary Device-1 and placing Incendiary Device-1 under the

4

Victim Vehicle as Target Subject-2 stands on the sidewalk nearby, are below.





        d.    At approximately 2:47 a.m., the White Acura drove up to and parked on the road across from the Victim Vehicle. At approximately 2:48 a.m., Target Subject-2 exited the passenger seat of the White Acura, approached the trunk of the Victim Vehicle, lit Incendiary Device-2, and placed Incendiary Device-2 under the trunk of the Victim Vehicle. Target Subject-1 remained in the driver's seat of the White Acura. Target Subject-2 returned to the White Acura, which then drove away. Still images from the surveillance video, depicting Target Subject-2 exiting the White Acura and then returning to the White Acura with fire blazing behind him, are below.



        e.    At approximately 3:20 a.m., the owner of the Victim Vehicle, and other individuals, put out both fires.

        f.    At approximately 3:59 a.m., Target Subject-2 stood in front of a particular building on Unionport Road (the "Unionport Building") in the Bronx, New York, for approximately twenty minutes.

        10.    Based on my review of NYPD records and conversations with NYPD officers, I know the following:

        a.    At approximately 4:15 p.m. on June 8, 2022, NYPD officers stopped the White Acura after observing it fail to stop at a stop sign. The driver of the vehicle identified himself as NAYEEM AHMED CHOWDHURY, the defendant. CHOWDHURY also reported that he owned the White Acura. The NYPD officers observed that the White Acura contained damage to the front bumper. CHOWDHURY also provided the NYPD officers his driver's license which contained a photograph and other identifying information. Based on my comparison of surveillance video depicting Target Subject-1 with CHOWDHURY's driver's license

6

photograph, and the fact that CHOWDHURY reportedly owns and drives the White Acura, I believe that Target Subject-1 is CHOWDHURY and that CHOWDHURY placed Incendiary Device-1 under the Victim Vehicle.

        b. On June 14, 2022, at approximately 5:05 p.m., in connection with this investigation, I observed Target Subject-2 standing in front of the Unionport Building—the same location in which he stood for approximately twenty minutes on June 8, 2022 at or around 3:59 a.m. At approximately 7:30 p.m. on June 14, 2022, NYPD officers also saw Target Subject-2 standing in front of the Unionport Building. The NYPD officers approached Target Subject-2, who provided the NYPD officers his driver's license, which listed the name DAVID MENDEZ, the defendant. Based on my comparison of surveillance video depicting Target Subject-2 with MENDEZ's driver's license photograph, and the fact that MENDEZ was standing at the same location as Target Subject-2 on June 8, 2022 at 3:59 a.m., I believe that Target Subject-2 is MENDEZ, and that MENDEZ placed Incendiary Device-2 under the Victim Vehicle.

        11. Based on my conversations with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") who is familiar with the National Firearms Registration and Transfer Record ("NFRTR") and who requested a National Firearms Act ("NFA") records search regarding CHOWDHURY and MENDEZ, the defendants, I have learned that CHOWDHURY and MENDEZ did not have any NFA device or weapon lawfully registered to them on June 8, 2022.

### The July 24, 2022 Arson

        12. Based on my conversations with other law enforcement officers and my review of documents and reports prepared by the FDNY and NYPD, I have learned, in substance and in part:

        a. On or about July 24, 2022, at approximately 6:51 a.m., a Molotov cocktail ("Incendiary Device-3") was thrown onto the front porch of a rental apartment located on Quimby Avenue in the Bronx, New York (the "Bronx Rental Apartment").

        b. Incendiary Device-3 caused the Bronx Rental Apartment to catch fire.

        c. At approximately 6:52 a.m., an individual exited the Bronx Rental Apartment and poured water on Incendiary Device-3, causing the fire to die out.

13. At approximately 9:37 a.m. on July 24, 2022, a law enforcement canine unit arrived at the Bronx Rental Apartment. The canine unit recovered one incendiary device from a trash bin located in front of the Bronx Rental Apartment. The canine unit assessed the device and identified the device as containing accelerants for ignitable liquids.

14. Based on my review of surveillance video from the Bronx Rental Apartment, conversations with other law enforcement officers, and conversations with the owner of the Bronx Rental Apartment, I know the following about the events that occurred on July 24, 2022:

   a. At approximately 6:50 a.m., surveillance video from the Bronx Rental Apartment captures Target Subject-1 driving a blue Prius (the "Blue Prius") past the Bronx Rental Apartment.

   b. The video further shows that, at approximately 6:51 a.m., Target Subject-1 walked out of the Blue Prius and toward the Bronx Rental Apartment. At approximately 6:51 a.m., Target Subject-1 lit Incendiary Device-3 and threw it onto the front porch of the Bronx Rental Apartment. Target Subject-1 then walked back to the Blue Prius and drove away. Still images depicting these actions are below.





c.   At approximately 6:52 a.m., an individual exited the Bronx Rental Apartment and poured water on Incendiary Device-3, causing the fire to die out.

d.   At approximately 10:30 a.m., law enforcement spoke to the owner of the Bronx Rental Apartment who reviewed the surveillance video and positively identified Target Subject-1 as NAYEEM AHMED CHOWDHURY, the defendant.

15.   Based on my comparison of surveillance video depicting Target Subject-1 with the driver's license photograph of NAYEEM AHMED CHOWDHURY, the defendant, and the fact that the owner of the Bronx Rental Apartment positively identified CHOWDHURY from surveillance video, I believe that Target Subject-1 is CHOWDHURY and that CHOWDHURY threw Incendiary Device-3 onto the front porch of the Bronx Rental Apartment.

16.   Based on my conversations with the owner of the Bronx Rental Apartment, I know that the property damaged and destroyed by Incendiary Device-3 is used in interstate commerce and in an activity affecting interstate commerce.  Specifically, at the time that Incendiary Device-3 was thrown at the Bronx Rental Apartment, the owner of the Bronx Rental Apartment was renting out the second floor of the Bronx Rental Apartment to a tenant.

17.   Based on my conversations with a Special Agent from ATF who is familiar with the NFRTR and who requested a NFA records search regarding CHOWDHURY, the defendant, I have learned that CHOWDHURY did not have any NFA device or weapon lawfully registered to him on July 24, 2022.

9

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of NAYEEM AHMED CHOWDHURY and DAVID MENDEZ, the defendants, and that they be arrested, and imprisoned or bailed, as the case may be.

/s authorized electronic signature
_____
Fire Marshal Michael Pritchett
New York City Fire Department

Sworn to before me on
July _28_, 2022 by reliable electronic means,
Pursuant to Federal Rule of Criminal Procedure 4.1

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK